IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

**Avayla Licensing LLC,**

*Plaintiff,*

v.

**Lifesize, Inc.,**

*Defendant.*

Case No. 6:22-cv-00849

DEMAND FOR JURY TRIAL

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

1. Avayla Licensing LLC ("Avayla" or "Plaintiff"), by and through counsel, hereby brings this action for patent infringement against Lifesize, Inc. ("Lifesize" or "Defendant"), alleging infringement of U.S. Patent No. 9,253,445 ("Patent-in-Suit" or the '445 Patent) titled "Terminal Multipoint Control Unit, System and Method for Implementing High Definition Multiple Pictures" attached hereto as Exhibit A.

**NATURE OF THE ACTION**

2. This is an action for patent infringement arising under the United States Patent Act 35 U.S.C. §§ 1 et seq., including 35 U.S.C. § 271.

**PARTIES**

3. Plaintiff Avayla Licensing LLC is a Texas company and has a principal place of business at 1401 Lavaca St. PMB 794, Austin, TX 78701z. Avayla may be served with process through its registered agent InCorp Services, Inc., 815 Brazos St., Ste 500, Austin, TX 78701.

4. On information and belief, 4. Defendant Lifesize, Inc. is a Texas corporation with

its principal place of business at 1601 S. MoPac Expy, Suite 100, Austin, Texas, United States 78746. Lifesize, Inc. may be served through its registered agent, Corporation Trust Company, 1209 Orange St., Wilmington, DE 19801..

**JURISDICTION AND VENUE**

5. This lawsuit is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 et seq. The Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), and 1367.

6. The Court has personal jurisdiction over Defendant for the following reasons: (1) Defendant is present within or has minimum contacts within the State of Texas and the Western District of Texas; (2) Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this district; (3) Defendant has sought protection and benefit from the laws of the State of Texas; (4) Defendant regularly conducts business within the State of Texas and within this district, and Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in this district; and (5) Defendant has purposely availed itself of the privileges and benefits of the laws of the State of Texas.

7. Defendant, directly and/or through intermediaries, ships, distributes, uses, offers for sale, sells, and/or advertises products and services in the United States, the State of Texas, and the Western District of Texas including but not limited to the products which contain the infringing elements as detailed below. Upon information and belief, Defendant has committed patent infringement in the State of Texas and in this district; Defendant solicits and has solicited customers in the State of Texas and in this district; and Defendant has paying customers who are residents of the State of Texas and this district and who each use and have used the Defendant's products and services in the State of Texas and in this district.

8. Venue is proper in the Western District of Texas over Lifesize pursuant to 28 U.S.C. §§ 1400(b). Defendant is incorporated in this district, has transacted business in this district, and has directly and/or indirectly committed acts of patent infringement in this district.

**PATENT-IN-SUIT**

9. Plaintiff incorporates the above paragraphs herein by reference.

10. On February 6, 2016, the ‘445 Patent was duly and legally issued by the United States Patent and Trademark Office. The ’445 Patent is presumed valid and enforceable.

11. Plaintiff is the assignee of all right, title and interest in the ’445 Patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the ’445 Patent.

12. The ’445 Patent generally relates to high definition streaming of multiple pictures for video conferencing. Specifically, the ‘445 Patent is an invention that provides a terminal, Multipoint Control Unit (MCU), a system and method for implementing high definition multiple pictures in a multipoint conference without the need of greatly improving the capability of the video coded in an MCU device. *See* Ex. A. ‘445 Patent 1:13.

13. The inventions disclosed in the Patent-in-Suit were not well-understood, routine, or conventional. At the time the ’445 Patent was filed, there many video conference factories released high definition video systems, however the encoding and decoding ability of the video processing plate in the MCU needed great improvements in order to implement multiple pictures such that the requirements on endocing and decoding of high definition multiple picture video could be met. *See* Ex. A, ’445 Patent, 1:13. While other methods would require significant time or monetary investment, the ‘445 Patent invented a system and method for resolving the issues much more efficiently. *See* Ex. A, ’445 Patent, 1:10-11.

14. The claimed invention addressed the problems detailed *supra* by providing an improved system and method for implementing high definition multiple pictures. Particularly, Claim 1 of the '445 Patent enumerates a method that improves upon the capability of high definition multiple pictures that not a familiar practice, thereby providing an inventive concept that was not obvious at the time of its filing.

## ACCUSED PRODUCTS

15. Defendant makes, uses, offers for sale, sells in the U.S., and/or imports into the U.S. products, systems, and/or services that infringe the Patent-in-Suit, including, but not limited to the Lifesize HD video conferencing Platform including the Lifesize Icon 450, 600, 800 and Lifesize Bridge 2200 (MCU).

16. The Lifesize HD video conferencing Platform including the Lifesize Icon 450, 600, 800 and Lifesize Bridge 2200 (MCU) provides high definition multi-party video conferencing through a a system that practices the method embodied by the '445 Patent. Specifically, a terminal (e.g., Lifesize Icon video conference solutions, mobile apps, etc.) receives a capability set sent by a Multipoint Control Unit (MCU) (e.g., Lifesize Bridge 2200 server) the capability set (e.g., image layout size, bitrate, resolution, etc.) including a high-definition video code stream format calculated by the MCU according to video conference control information. The terminal encodes a high-definition video according to the video code stream format, sending an encoded high-definition video code stream to the MCU. The terminal then recieves a high-definition multipicture video code stream image obtained after the MCU synthesizes the high-definition video code stream image into multiple pictures (e.g., video conference comprising participant's video stream) displaying the high-definition multipicture video code stream image.

17. The Lifesize HD video conferencing Platform including the Lifesize Icon 450, 600,

800 and Lifesize Bridge 2200 (MCU) plays an integral part in an accused system that is intended to provide high definition multiple citures in a multipoint conference, a picture number (e.g., the participant tiles are displayed in the order in which they join the call) of the terminal (e.g., Lifesize Icon video conference solutions, Lifesize mobile apps, etc.), and whether the terminal is viewed by other terminals (e.g., based on layout, participant specific mute/unmute settings and display control information, etc.). *See* Ex. B.

**COUNT I**

**(Infringement of U.S. Patent No. 9,253,445)**

18. Plaintiff incorporates the above paragraphs herein by reference.

19. The ’445 Patent is valid, enforceable, and was duly and legally issued by the United States Patent and Trademark Office (“USPTO”) on February 2, 2016. The ’445 Patent is presumed valid and enforceable. *See* 35 U.S.C. § 282.

20. Plaintiff is the owner by assignment of the ’445 Patent and possesses all rights of recovery under the ’445 Patent, including the exclusive right enforce the ’445 Patent and pursue lawsuits against infringers.

21. Without a license or permission from Plaintiff, Defendant has infringed and continues to directly and indirectly infringe on one or more claims of the ’445 Patent by importing, making, using, offering for sale, or selling products and devices that embody the patented inventions, including, without limitation, one or more of the patented ’445 systems and methods, in violation of 35 U.S.C. § 271.

**Direct Infringement – 35 U.S.C. § 271(a)**

22. Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

23. Without a license or permission from Plaintiff, Defendant has infringed and continues to directly infringe on one or more claims of the ’445 Patent by importing, making, using, offering for sale, or selling products and devices that embody the patented invention, including, without limitation, one or more of the patented ’445 systems and methods, in violation of 35 U.S.C. § 271.

24. Defendant has been and continues to directly infringe by, among other things, practicing all of the steps of the ’445 Patent, for example, through internal testing, quality assurance, research and development, and troubleshooting. *See Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 775 (Fed. Cir. 1993); *see also* 35 U.S.C. § 271 (2006).

25. By way of example, Defendant has infringed and continues to infringe at least one or more claims of the ’445 Patent, including at least Claim 1. Attached hereto as Exhibit B is an exemplary claim chart detailing representative infringement of Claim 1 of the ’445 Patent.

**Induced Infringement – 35 U.S.C. § 271(b)**

26. Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

27. Defendant had post-suit knowledge when this suit was filed. *See EON Corp. IP Holdings, LLC v. Sensus USA, Inc.,* No. C-12-1011 EMC, 2012 WL 4514138, at *1 (N.D. Cal. 2012) (citing *In re Bill of Lading Transmission and Processing System Patent Litigation,* 681 F.3d 1323, 1345 (Fed. Cir. 2012)) (noting that the Federal Circuit has determined that post-filing knowledge is sufficient to meet the knowledge requirement for indirect infringement).

28. Defendant has been and now is indirectly infringing by way of inducing infringement by others of the ’445 Patent in the State of Texas, in this judicial District, and elsewhere in the United States, by, among other things, selling the Accused Products to its

customers and distributing product literature and website materials, thereby inducing end users and others to use its products in a manner that infringes one or more claims of the ’445 Patent, which supports a finding of an intention. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 932 (2005) ("[I]t may be presumed from distribution of an article in commerce that the distributor intended the article to be used to infringe another's patent, and so may justly be held liable for that infringement").

29. For example, Defendant induced users to use the Lifesize HD video conferencing Platform including the Lifesize Icon 450, 600, 800 and Lifesize Bridge 2200 (MCU), actively prompting infringement by advertising the product and instructing users regarding how it utilizes the methods of Claim 1 of the ‘445 Patent through its system for high definition multiparty video collaboration. *See*, *e.g.*, Ex. C[1]; *See also* Ex. D[2] (advertising the Lifesize HD video conferencing Platform including the Lifesize Icon 450, 600, 800 and Lifesize Bridge 2200 (MCU) MCU –Ex and explaining its functionalities). These resources both advertise and provide detailed directions on how to implement the infringing technology.

30. The allegations herein support a finding that Defendant induced infringement of the ’445 Patent. *See Power Integrations v. Fairchild Semiconductor*, 843 F.3d 1315, 1335 (Fed. Cir. 2016) (“[W]e have affirmed induced infringement verdicts based on circumstantial evidence of inducement [e.g., advertisements, user manuals] directed to a class of direct infringers [e.g., customers, end users] without requiring hard proof that any individual third-party direct infringer

---

[1] Available at https://legacy.lifesize.com/~/media/Documents/Related%20Resources/Guides/The%20Lifesize%20Icon%20Series%20Guide.ashx

[2] Available at https://legacy.lifesize.com/~/media/Documents/Product%20Documentation/Bridge/Guides%20and%20Reference/Bridge%20Deployment%20Guide%20EN.ashx

was actually persuaded to infringe by that material.”).

**<u>Contributory Infringement – 35 U.S.C. § 271(c)</u>**

31. Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

32. Defendant had post-suit knowledge when this suit was filed. *See EON Corp. IP Holdings, LLC v. Sensus USA, Inc.,* No. C-12-1011 EMC, 2012 WL 4514138, at *1 (N.D. Cal. 2012) (citing *In re Bill of Lading Transmission and Processing System Patent Litigation,* 681 F.3d 1323, 1345 (Fed. Cir. 2012)) (noting that the Federal Circuit has determined that post-filing knowledge is sufficient to meet the knowledge requirement for indirect infringement).

33. On information and belief, Defendant contributes to its users’ infringement of at least Claim 1 of the ’445 Patent by actions of making, using, selling, offering for sale, and/or importing the Accused Products that have no substantial non-infringing uses. *See, e.g., Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1321 (Fed. Cir. 2009) (holding that the “substantial non-infringing use” element of a contributory infringement claim applies to an infringing feature or component, and that an “infringing feature” of a product does not escape liability simply because the product as a whole has other non-infringing uses). The Accused Product does not allow one to disable the infringing technology when used.

**<u>Willful Infringement</u>**

34. Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

35. Defendant had post-suit knowledge when this suit was filed. *See EON Corp. IP Holdings, LLC v. Sensus USA, Inc.,* No. C-12-1011 EMC, 2012 WL 4514138, at *1 (N.D. Cal. 2012) (citing *In re Bill of Lading Transmission and Processing System Patent Litigation,* 681 F.3d

1323, 1345 (Fed. Cir. 2012)) (noting that the Federal Circuit has determined that post-filing knowledge is sufficient to meet the knowledge requirement for indirect infringement).

36. Despite its knowledge of the ’445 Patent, on information and belief Defendant has sold and continues to sell the Accused Products in egregious disregard of Plaintiff’s patent rights. Defendant has acted recklessly and continue to willfully, wantonly, and deliberately engage in acts of infringement of the ’445 Patent, justifying an award to Plaintiff of increased damages under 35 U.S.C. § 284, and attorneys’ fees and costs incurred under 35 U.S.C. § 285.

**Plaintiff Suffered Damages**

37. Defendant's acts of infringement of the Patent-in-Suit have caused damage to Plaintiff, and Plaintiff is entitled to recover from Defendant the damages sustained as a result of Defendant's wrongful acts in an amount subject to proof at trial pursuant to 35 U.S.C. § 271. The precise amount of damages will be determined through discovery in this litigation and proven at trial.

## REQUEST FOR RELIEF

38. Plaintiff incorporates each of the allegations in the paragraphs above and respectfully asks the Court to:

(a) enter a declaration that Defendant has directly infringed, contributorily infringed, and/or induced infringement of one or more claims of the ’445 Patent;

(b) enter a judgment awarding Plaintiff all damages adequate to compensate him for Defendant’s infringement of, direct or contributory, or inducement to infringe, the including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

(c) enter a judgment awarding treble damages pursuant to 35 U.S.C. § 284 for

Defendant's willful infringement of the '445 Patent;

(d) issue a preliminary injunction and thereafter a permanent injunction enjoining and restraining Defendant, its directors, officers, agents, servants, employees, and those acting in privity or in concert with them, and its subsidiaries, divisions, successors, and assigns, from further acts of infringement, contributory infringement, or inducement of infringement of the '445 Patent;

(e) enter a judgment requiring Defendant to pay the costs of this action, including all disbursements, and attorneys' fees as provided by 35 U.S.C. § 285, together with prejudgment interest; and

(f) award Plaintiff all other relief that the Court may deem just and proper.

Dated: August 11, 2022

Respectfully submitted,

*/s/ Raymond Mort*

RAYMOND W. MORT, III (SBN: 791308)
raymort@austinlaw.com
THE MORT LAW FIRM, PLLC
501 Congress Ave, Ste. 150
Austin, TX 78701
(512) 865-7950 (Phone)

*/s/ Grant McArthur*

Grant McArthur (CA SBN 321959)
(*Pro Hac Vice forthcoming*)
gmcarthur@mclawus.com
MCARTHUR LAW PC
23897 Constantine Drive
Murrieta, CA 92562
(951) 412-1688 (Phone)
(951) 379-4564 (Fax)

***Attorney(s) for Plaintiff Avayla Licensing LLC***